EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>
NOTICE TO DEFENDANT:<br>
*(AVISO AL DEMANDADO):*<br><br>
GRUMA CORPORATION, a Nevada Corporation; and DOES 1 to 50, Inclusive<br><br>
**YOU ARE BEING SUED BY PLAINTIFF:**<br>
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>
MONICA GARCIA, an individual
</td>
<td>
FOR COURT USE ONLY<br>
*(SOLO PARA USO DE LA CORTE)*<br><br>
**F I L E D**<br>
SUPERIOR COURT OF CALIFORNIA<br>
COUNTY OF SAN BERNARDINO<br>
SAN BERNARDINO DISTRICT<br><br>
JUL 21 2022<br><br>
BY _____<br>
MELISSA PEREZ, DEPUTY
</td></tr>
</table>

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>
The name and address of the court is:<br>
*(El nombre y dirección de la corte es):* San Bernardino Central Justice Center<br>
247 W. Third Street,<br>
San Bernardino, CA 92415
</td>
<td>
CASE NUMBER:<br>
*(Número de Caso):*<br>
CIV SB 2 2 1 4 2 8 5
</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Brian Hannemann, Hannemann Law Firm, 1042 N. Mountain Ave., B-222, Upland, CA 91786, 909.980.7878

<table>
<tr><td>
DATE:<br>
*(Fecha)* JUL 21 2022
</td>
<td>
Clerk, by<br>
*(Secretario)* _____<br>
Melissa Perez
</td>
<td>
, Deputy<br>
*(Adjunto)*
</td></tr>
</table>

*(For proof of service of this summons use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* GRUMA CORPORTATION, a Nevada Corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

                                                          Page 1 of 1

<table>
<tr><td>
Form Adopted for Mandatory Use<br>
Judicial Council of California<br>
SUM-100 [Rev. July 1, 2009]
</td>
<td>**SUMMONS**</td>
<td>
Code of Civil Procedure §§ 412.20, 465<br>
www.courtinfo.ca.gov
</td></tr>
</table>

HANNEMANN ~~~~ FIRM, A PROFESSIONAL CORPORATION
Brian G. Hannemann Esq., State Bar No. – 166109
1042 N. Mountain Ave., Suite B-222
Upland, California 91786
Tel: (909) 980-7878
Fax: (909) 912-8999
bghesq@gmail.com

McNALLY LAW FIRM
Bryan L. McNally, Esq., State Bar No. – 250290
5811 Pine Ave.
Chino Hills, California 91709
Tel: (909) 597-2445
Fax: (951) 346-3937
bmcnallylawfirm@gmail.com

Attorneys for Plaintiff,
MONCIA GARCIA

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL 21 2022

BY _____
MELISSA PEREZ, DEPUTY

### SUPERIOR COURT FOR THE STATE OF CALIFORNIA

### COUNTY OF SAN BERNARDINO

| | |
|---|---|
| MONICA GARCIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>GRUMA CORPORATION, a Nevada Corporation; and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.:  CIV SB  2 2 1 4 2 8 5<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1. **UNLAWFUL DISCRIMINATION BASED UPON DISABILITY IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940 (a)**<br>2. **FAILURE TO PREVENT DISCRIMINATION IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940 (k)**<br>3. **FAILURE TO REASONABLY ACCOMMODATE IN VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940 (a) and (m)**<br>4. **FAILURE TO ENGAGE IN THE GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF CALIFORNIA GOVERNEMENT CODE §12940 (a) and (m)**<br>5. **RETALIATION FOR OPPOSING DICRIMINATION AND** |

1

HARASSMENT IN VIOLATION OF
CALIFORNIA GOVERNMENT
CODE §12940 (h) and (m)(2)
6. **RETALIATION IN VIOLATION OF
CALIFORNIA GOVERNMENT
LABOR CODE §246.5 ET SEQ.**
7. **INTERFERENCE WITH AND
RETALIATION FOR EXERCISING
RIGHTS UNDER FAMILY
MEDICAL LEAVE ACT "FMLA" /
CALIFORNIA FAMILY RIGHTS
ACT "CFRA" CALIFORNIA
GOVERNMENT CODE §12945.2, ET
SEQ.**
8. **RETALIATION IN VIOLATION OF
LABOR CODE §1102.5**
9. **VIOLATION OF LABOR CODE
§233**
10. **RETALIATION IN VIOLATION OF
CALIFORNIA LABOR CODE §6311**
11. **FAILURE TO PROVIDE MEAL
PERIODS, OR COMPENSATION IN
LIEU THEREOF, IN VIOLATION
OF LABOR CODE §§ 226.7, 512**
12. **FAILURE TO AUTHORIZE OR
PERMIT REST PERIODS, OR
COMPENSATION IN LIEU
THEREOF, IN VIOLATION OF
LABOR CODE §226.7**
13. **FAILURE TO PROVIDE
ACCURATE ITEMIZED WAGE
STATEMENTS IN VIOLATION OF
LABOR CODE § 226**
14. **FAILURE TO PAY
COMPENSATION WHEN DUE AT
TIME OF SEPARATION OF
EMPLOYMENT IN VIOLATION OF
LABOR CODE §§201-203**
15. **FAILURE TO PAY WAGES IN
VIOLATION OF LABOR CODE
§204**
16. **FAILURE TO KEEP REQUIRED
RECORDS IN VIOLATION OF
CALIFORNIA LABOR CODE § 1174**
17. **WRONGFUL TERMINATION IN
VIOLATION OF PUBLIC POLICY**

**DEMAND FOR JURY TRIAL**

(UNLIMITED JURISDICTION - DAMAGES
SOUGHT EXCEED $25,000)

2

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff MONICA GARCIA complains of Defendants GRUMA CORPORATION, a
Nevada Corporation, and DOES 1 through 50, inclusive, as follows:

### VENUE AND PARTIES

1.      Plaintiff MONICA GARCIA (hereinafter "Plaintiff") is a female, over the age of
eighteen, and a resident of the County of San Bernardino, California.

2.      Defendant GRUMA CORPORATION (hereinafter "Employer"), is a Nevada
Corporation, qualified to and actually doing business in the County of San Bernardino, State of
California at 11559 Jersey Blvd., Rancho Cucamonga, California and is subject to suit under the
California Fair Employment and Housing Act, California Government Code §12900, et seq., in
that Employer regularly employs five or more persons.

3.      The true names and capacities, whether corporate, individual, associate or
otherwise, of Defendants designated herein as Does 1 to 50, inclusive, are unknown to Plaintiff,
who therefore sues such Defendants by such fictitious names. Plaintiff will amend this
Complaint to allege their true names and capacities when the same have been ascertained.

4.      Plaintiff is informed and believes and thereon alleges that each of the Defendants
is in some manner intentionally, negligently, or otherwise responsible for the acts, occurrences
and transactions alleged herein.

5.      Plaintiff is informed and believes and thereon alleges that in performing the
unlawful acts alleged herein, each Defendant was the agent, employee and representative of each
of the remaining Defendants, and in doing the unlawful things alleged was acting within the
course, purpose, scope and authority of such agency, employment or representation.

6.      Plaintiff is informed and believes, and upon that basis alleges, that each
Defendant was acting partly within and partly without the scope and course of their employment,
and was acting with the knowledge, permission, consent, and ratification of every other
Defendant.

7.      Each act was done with malice, oppression, and was despicable conduct entitling
Plaintiff to punitive and exemplary damages.

8.      Employer fostered an environment in which illegal discrimination is tolerated and

3

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1  condoned.

2      9.    Employer allowed its supervisors and employees to perpetrate illegal

3  discrimination at will, without consequence.

4      10.    Venue is properly laid in this Court inasmuch as certain of the acts upon which

5  Plaintiff sues herein occurred within the County of San Bernardino.

6      11.    Whenever and wherever reference is made in this Complaint to any act by a

7  Defendant or Defendants, such allegations and references shall also be deemed to be the acts and

8  failures of each Defendant acting individually, jointly and sever

9      12.    Plaintiff has exhausted her administrative remedies by filing timely charges of

10  discrimination on the basis of sex, retaliation, failure to prevent harassment and retaliation and

11  related causes of action against Defendants with the California Department of Fair Employment

12  and Housing ("DFEH") and received a notice of her right to sue in a California Superior Court

13  pursuant to Cal. Gov't. Code § 12965(b).  True and correct copies of such right to sue letters

14  against Defendants are attached hereto as Exhibit A and are incorporated herein by reference as

15  though fully set forth at length.

16  **OPERATIVE FACTS**

17      13.    At all relevant times, Employer manufactured tortillas and other food items at

18  their facility located at 11559 Jersey Blvd., Rancho Cucamonga, California  91730.

19      14.    In or about March of 2020, Employer hired Plaintiff in the packing department.

20  Plaintiff's duties included packing tortillas for Employer's popular Mission Foods brand of

21  tortillas.  Plaintiff's rate of pay with Employer was approximately $14.90 per hour.

22      15.    At all times during Plaintiff's employment with Employer, Marco Gutierrez

23  ("Gutierrez") and Lorena (last name unknown, hereinafter "Lorena") were Plaintiff's direct

24  Supervisors. Edgar (last name unknown, hereinafter "Edgar") served as Plaintiff's Supervisor

25  and the General Manager of Employer's facility in Rancho Cucamonga, CA.  Paul Delao

26  ("Delao") was Employer's Regional Manager and Horacio Gaytan ("Gaytan") was Employer's

27  Vice-President.

28      16.    In or about May of 2021, Plaintiff complained to Gutierrez and Lorena that the

4

1   drinking water at Employer's production facility in Rancho Cucamonga was making Plaintiff

2   and other employees of Employer sick. At this time, Plaintiff also complained that the

3   production facility was too warm for employees. On or about May 17, 2021, Plaintiff became ill

4   due to the drinking water at Employer's production facility. Plaintiff sought treatment from

5   Plaintiff's primary care physician, Dr. Rebecca Torres. Dr. Torres diagnosed Plaintiff with an

6   acute illness and provided Plaintiff with an order that Plaintiff be excused from working for

7   approximately three (3) days; that Plaintiff not drink water from Employer's facility in Rancho

8   Cucamonga, CA; and that Plaintiff be allowed to drink bottled water during her shift.

9         17.     Plaintiff provided Dr. Torres' note to Employer and sought an accommodation in

10   accordance with Dr. Torres' instructions. Instead of complying with Dr. Torres orders,

11   Employer refused to allow Plaintiff to drink bottled water during Plaintiff's shifts other than at

12   regularly scheduled breaks. Plaintiff asked Edgar for additional breaks during her shift to drink

13   bottled water (Employer indicated that food and water were not allowed on the production floor);

14   however, Edgar told Plaintiff that Plaintiff could not take additional breaks because it would

15   "slow production." Plaintiff complained to Edgar about Employer's failure to provide the

16   additional breaks on multiple occasions throughout May, June and July of 2021; however,

17   Employer remained steadfast in their denial of Plaintiff request for an accommodation and

18   refused to discuss any other options for Plaintiff.

19         18.    In or about July of 2021, Plaintiff suffered from another illness related to an

20   inability to drink enough water during Plaintiff's shifts when temperatures were high. Plaintiff

21   complained about the need to drink bottled water during additional breaks and Employer's lack

22   of accommodation to Gutierrez and Lorena. Plaintiff also complained about Employer's conduct

23   to Delao via Employer's internal texting application.

24         19.    Instead of complying with Federal and State law, Employer retaliated against

25   Plaintiff for engaging in protected activity by terminating Plaintiff on or about August 11, 2021.

26   Following Plaintiff's termination, Plaintiff attempted to discuss the termination with Employer,

27   including Gaytan. Plaintiff was informed by Gaytan and others that Employer was upset with

28   Plaintiff for complaining about the drinking water and taking time off from work.

20.     At all relevant times, Plaintiff was required by Employer to work during meal periods and rest periods.  Plaintiff did not receive state-mandated meal periods of an uninterrupted thirty minutes within the first five hours of daily work periods.  Plaintiff also did not receive state-mandated rest periods of an uninterrupted ten-minute rest during every four-hour work period or major fraction thereof.

21.     At the time of Plaintiff's termination of employment, Employer failed to pay Plaintiff all wages earned and unpaid at the time of discharge. To date, Plaintiff has not been paid all wages due and owing, therefore, Plaintiff is entitled to waiting time penalties.

## FIRST CAUSE OF ACTION

### Unlawful Discrimination Based on Disability

### In Violation of California Government Code §12940 (a) –

### Against Employer and DOES 1-50

22.     Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference.

23.     Plaintiff was at all times material hereto an employee covered by California *Government Code* Section 12940 prohibiting discrimination in employment.

24.     Employer and Does 1-50 unlawfully discriminated against Plaintiff because of her physical disability by changing the terms and conditions of her employment, failing to accommodate her working conditions, and terminating her employment, all in violation of, among other California law, California *Government Code* Section 12940 (a).

25.     Plaintiff is informed and believes, and based thereon alleges, that in addition to the practices enumerated above, Employer and Does 1-50 may have engaged in other discriminatory practices against her which are not yet fully known.  At such time as such discriminatory practices become known, Plaintiff will seek leave of Court to amend this complaint in that regard.

26.     As a direct and proximate result of Employer and Does 1-50 willful, knowing and intentional discrimination against her, Plaintiff has suffered, and will continue to suffer, pain and suffering, and mental anguish and emotional distress.  In addition, Plaintiff has

6

1  suffered and will continue to suffer, a loss of earnings and other employment benefits and job

2  opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to

3  be proven at trial.

4      27.    As a further, direct and proximate result of Employer and Does 1-50's violation

5  of California *Government Code* Section 12940, Plaintiff has retained the services of counsel in

6  an effort to enforce the terms and conditions of her employment relationship with Defendants

7  and each of them and has thereby incurred and will continue to incur legal fees and costs in an

8  amount currently unknown.  Plaintiff requests that her attorney's fees and costs be awarded

9  pursuant to California *Government Code* Section 12965(b).

10      28.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous

11  conduct of Employer and Does 1-50 as described above, was done with fraud, oppression and

12  malice; with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose

13  of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages

14  from Employer and Does 1-50 in a sum according to proof at trial.

15  <u>**SECOND CAUSE OF ACTION**</u>

16  **Failure to Prevent Discrimination**

17  **In Violation of California Government Code §12940 (k) –**

18  **Against Employer and DOES 1-50**

19      29.    Plaintiff hereby incorporates by reference all paragraphs above, as if fully set

20  herein by reference.

21      30.    At all times herein material, Employer, Does 1-50, and their agents and/or

22  employees, knew or should have known that the conduct alleged herein would and did cause the

23  discriminatory effects as alleged herein.

24      31.    At all times herein material, Employer and Does 1-50 had the power, ability,

25  authority, and duty to stop engaging in the conduct alleged above and to intervene to prevent or

26  prohibit such conduct.

27      32.    In violation of California Government Code Section 12940 (k), Employer and

28  Does 1-50 failed to take all reasonable steps necessary to prevent the above-alleged



7

discrimination against Plaintiff from occurring. Specifically, Defendants were acutely aware of the discriminatory conduct through complaints by Plaintiff and other employees of Employer and Does 1-50 but took no action to prevent such discrimination. Despite Employer and Does 1-50' knowledge of such discrimination, Defendants let the discrimination of Plaintiff continue.

33. As a direct, foreseeable and legal result of Employer and Does 1-50' discrimination, and failure to prevent such conduct against Plaintiff, Plaintiff has suffered and continues to sustain substantial losses in earnings, bonuses, deferred compensation, and other employment benefits, and have suffered embarrassment, emotional distress, mental anguish, anxiety, stress and related symptoms all to her damages in an amount according to proof.

34. As a result of Employer and Does 1-50 discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of suit as provided by California Government Code Section 12965 (b).

35. Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Employer and Does 1-50 as described above, was done with fraud, oppression and malice; with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Employer and Does 1-50 in a sum according to proof at trial.

## THIRD CAUSE OF ACTION

### Failure to Reasonably Accommodate

### In Violation of California Government Code §12940 (a) and (m) –

### Against Employer and DOES 1-50

36. Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference.

37. Employer and Does 1-50's discriminatory conduct, as hereinabove alleged, constitutes an unlawful failure to accommodate Plaintiff's disability as required under California *Government Code* Section 12940 (a) and (m). Defendants and each of them failed to comply with their statutory duties under California *Government Code* Section 12940 (m) by failing to make a reasonable accommodation for Plaintiff's known physical disability.

8

38.    As a direct and proximate result of Employer and Does 1-50 willful, knowing and intentional discrimination against her, Plaintiff has suffered, and will continue to suffer, pain and suffering, and extreme and severe mental anguish and emotional distress.  In addition, Plaintiff has suffered and will continue to suffer, a loss of earnings and other employment benefits and job opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

39.    As a further, direct and proximate result of Employer and Does 1-50's violation of California *Government Code* Section 12940, Plaintiff has retained the services of counsel in an effort to enforce the terms and conditions of her employment relationship with Defendants and each of them and has thereby incurred and will continue to incur legal fees and costs in an amount currently unknown.  Plaintiff requests that her attorney's fees and costs be awarded pursuant to California *Government Code* Section 12965(b).

40.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Employer and Does 1-50 as described above, was done with fraud, oppression and malice; with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Employer and Does 1-50 in a sum according to proof at trial.

## FOURTH CAUSE OF ACTION

### Failure to Engage in the Good Faith Interactive Process

### In Violation of California Government Code §12940 (n) –

### Against Employer and DOES 1-50

41.    Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference.

42.    Employer and Does 1-50 and each of them failed to comply with their statutory duties under California *Government Code* Section 12940 (n) by failing to engage in the good faith, interactive process with Plaintiff as related to her physical disability.

43.    As a direct and proximate result of Employer and Does 1-50 willful, knowing and intentional discrimination against her, Plaintiff has suffered, and will continue to suffer,

1  pain and suffering, and mental anguish and emotional distress.  In addition, Plaintiff has

2  suffered and will continue to suffer, a loss of earnings and other employment benefits and job

3  opportunities.  Plaintiff is thereby entitled to general and compensatory damages in amounts to

4  be proven at trial.

5       44.    As a further, direct and proximate result of Employer and Does 1-50's violation

6  of California *Government Code* Section 12940, Plaintiff has been compelled to retain the

7  service of counsel in an effort to enforce the terms and conditions of her employment

8  relationship with Employer and Does 1-50 and each of them and has thereby incurred and will

9  continue to incur legal fees and costs in an amount currently unknown.  Plaintiff requests that

10  her attorney's fees and costs be awarded pursuant to California *Government Code* Section

11  12965(b).

12       45.    Plaintiff is informed and believes, and based thereon alleges, that the outrageous

13  conduct of Employer and Does 1-50 as described above, was done with fraud, oppression and

14  malice; with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose

15  of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages

16  from Employer and Does 1-50 in a sum according to proof at trial.

17  <div align="center">

**FIFTH CAUSE OF ACTION**

18  **Retaliation for Opposing Harassment, Discrimination**

19  **In Violation of California Government Code §12940 (h) and (m)(2) –**

20  **Against Employer and DOES 1-50**
</div>

21       46.    Plaintiff realleges and incorporates herein all of the preceding paragraphs as if

22  fully set forth herein.

23       47.    At all times herein material, Employer and Defendants DOES 1-50, and/or their

24  agents/employees, retaliated against Plaintiff by adversely affecting Plaintiff's employment after

25  Plaintiff attempted to seek accommodation for her disability and/or Employer perceived Plaintiff

26  as disabled and/or having a history of medical condition(s) and Plaintiff opposed disability

27  discrimination, in violation of *Gov't. Code* § 12940(h) and (m)(2).

28

48.     At all times herein material, Employer and Defendants DOES 1-50, subjected Plaintiff to adverse treatment including termination, denying Plaintiff equal treatment and opportunities, and otherwise retaliating against Plaintiff on account of Plaintiff's protected activity related to Plaintiff's medical condition and/or physical disability and/or mental disability and/or Defendants' perception that Plaintiff had any medical condition, history of a medical condition, and/or disability.

49.     There is a causal link between Plaintiff's protected activity and the adverse employment action taken against her due to Defendants' knowledge of Plaintiff's protected activity, the proximity of time between said protected activities and the retaliatory employment actions, and the pattern of Defendants' conduct.

50.     As a direct and proximate result of Defendant's conduct, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of wages and benefits, loss of earnings and earning capacity, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation,  loss of fringe and pension benefits, loss of the ordinary please of everyday life, including the right to pursue gainful employment of her choice, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code* sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

51.     As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

52.     As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is

11

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

1    entitled to recover such attorneys' fees and costs under California *Government Code* section

2    12965(b).

3        53.    Defendants and/or managing agent employees of Defendants carried out and/or

4    ratified the acts taken toward Plaintiff by acting in a despicable, oppressive, fraudulent,

5    malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff,

6    thereby justifying an award to her of punitive damages in a sum appropriate to punish and make

7    an example of Defendants.

8    <center>**SIXTH CAUSE OF ACTION**</center>

9    <center>**Violation of California Labor Code §246.5 et seq. -**</center>

10   <center>**Against Employer and DOES 1-50**</center>

11       54.    Plaintiff hereby incorporates by reference all paragraphs above, as if fully set

12   herein by reference.

13       55.    California *Labor Code* §246.5, et seq. prohibits an Employer from, among other

14   things, from retaliating against an employee for using, attempting to use or complaining about

15   sick leave or time off.

16       56.    As alleged herein, Plaintiff had a reasonable belief that Employer and Does 1-50

17   violated state and federal laws and reported those violations to Employer's management.

18       57.    At all times herein material, Employer and Does 1-50, and their agents and/or

19   employees, retaliated against Plaintiff by adversely affecting Plaintiff's employment after

20   Plaintiff information concerning Employer's unlawful conduct, in violation of California *Labor*

21   *Code* §1102.5, et seq.

22       58.    As a direct, foreseeable and legal result of Employer and Does1-50's retaliation,

23   Plaintiff has suffered and continues to sustain substantial losses in earnings, bonuses, deferred

24   compensation, and other employment benefits, and have suffered embarrassment, emotional

25   distress, mental anguish, anxiety, stress and related symptoms all to her damages in an amount

26   according to proof.

27       59.    As a result of the Employer and Does 1-50's harassing acts as alleged herein,

28   Plaintiff is entitled to a civil penalty not to exceed ten thousand dollars ($10,000.00) as provided

<center>12</center>

<center>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**</center>

1    by California *Labor Code* §1102.5.

2    60.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous

3    conduct of Employer and Does 1-50 as described above, was done with fraud, oppression and

4    malice; with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose

5    of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages

6    from Employer and Does 1-50 in a sum according to proof at trial.

7                                  **SEVENTH CAUSE OF ACTION**

8    **Interference with and Retaliation for Exercising Rights Under Family Medical Leave Act**

9    **"FMLA"/ California Family Rights Act "CFRA" California Government Code §12945.2.,**

10                                           **et seq. –**

11                                  **Against Employer and DOES 1 to 50**

12    61.     The allegations of prior paragraphs are realleged and incorporated herein by

13    reference.

14    62.     At all times mentioned in this complaint, the Family Medical Leave Act and

15    California Family Rights Act were in full force and effect and were binding on Defendants.

16    63.     Federal law prohibits employers from interfering with, restraining, or denying the

17    exercise of any right under the FMLA. 29 U.S.C. § 2615(a)(1). A violation of the FMLA "simply

18    requires that the employer deny the employee's entitlement to FMLA leave." *Xin Liu v. Amway*

19    *Corp.* (9th Cir. 2003) 347 F.3d 1123, 1135.

20    64.     Additionally, federal law requires that employers provide notice to employees of

21    their eligibility to take FMLA leave within five days of the time the employer becomes aware

22    that the employee may need leave for a FMLA-qualifying reason. 29 C.F.R. § 825.300. Failure

23    to follow the notice requirements may constitute interference with, restraint, or denial of the

24    exercise of an employee's FMLA rights. 29 C.F.R. § 825.300.

25    65.     The CFRA, enacted as the Moor-Brown-Roberti Family Rights Act under

26    *Government Code* section 12945.2, is part of the FEHA. *Gov't Code* § 12900 et seq.

27    66.     Under the CFRA, an employee is entitled to up to twelve weeks of protected,

28    unpaid leave of absence in order to care for the employee's parent who has a serious health

                                              13

condition, or due to an employee's own serious medical condition that prevents the employee from performing her job duties. *Gov't Code* § 12945.2(c)(3)(B), ©.

67.   It is an unlawful employment practice for a covered employer to interfere with, restrain or deny the exercise of, or the attempt to exercise, any rights under CFRA. *Gov't Code* § 12945.2(a), (t). An "interference" claim under CFRA "'simply requires that the employer deny the employee's entitlement to CFRA] leave.' [Citation]." *Faust v. California Portland Cement Co.* (2007) 150 Cal. App. 4th 864, 879. The employee need only "state the reason the leave is needed." 2 Cal. Code Regs. § 11091.

68.   Also, as under the FMLA, an employer must respond to an employee's request for CFRA leave as soon as practicable, and in any event no later than five business days after receiving the request, and preferably before the leave is to begin. 2 Cal. C. Regs. § 11091(a)(6).

69.   Defendants were at all times material employers under the FMLA and CFRA. 29 C.F.R. § 825.104(d); Cal. *Gov't Code* § 12945.2(b).

70.   Plaintiff was a covered employee under the FMLA and CFRA.

71.   Here, Defendants interfered with Plaintiff's rights under FMLA and CFRA through the conduct described herein which ultimately led to Defendants terminating Plaintiff. Furthermore, Defendants interfered with Plaintiff's rights under FMLA and CFRA when they failed to inform Plaintiff of her rights under these acts, despite knowing that Plaintiff had a qualifying reason to seek such leave.

72.   As a direct and proximate result of Defendant's conduct, and each of them, Plaintiff has suffered actual, consequential and incidental financial losses, including without limitation, loss of wages and benefits, loss of earnings and earning capacity, and the intangible loss of employment-related opportunities for growth in her field and damage to her professional reputation, loss of fringe and pension benefits, loss of the ordinary please of everyday life, including the right to pursue gainful employment of her choice, all in an amount subject to proof at the time of trial. Plaintiff claims such amounts as damages together with prejudgment interest pursuant to *Civil Code* sections 3287 and/or 3288 and/or any other provision of law providing for prejudgment interest.

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

73.    As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has suffered and continues to suffer anxiety, worry, embarrassment, humiliation, mental anguish, and emotional distress and will likely incur, medical expenses as a result. Plaintiff is informed and believes and thereon alleges that she will continue to experience said emotional suffering for a period in the future she cannot presently ascertain, all in an amount subject to proof at the time of trial.

74.    As a direct and proximate result of the wrongful acts of Defendants, and each of them, Plaintiff has been forced to hire attorneys to prosecute her claims herein, and has incurred and is expected to continue to incur attorneys' fees and costs in connection therewith. Plaintiff is entitled to recover such attorneys' fees and costs under California *Government Code* section 12965(b).

75.    Defendants and/or managing agent employees of Defendants carried out and/or ratified the acts taken toward Plaintiff by acting in a despicable, oppressive, fraudulent, malicious, deliberate, egregious, and inexcusable manner in order to injure and damage Plaintiff, thereby justifying an award to her of punitive damages in a sum appropriate to punish and make an example of Defendants.

### EIGHTH CAUSE OF ACTION

#### Violation of California Labor Code §1102.5 -

#### Against Employer and DOES 1-50

76.    Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference.

77.    California *Labor Code* §1102.5, et seq. requires Employer from, among other things, to refrain from retaliating against an employee for participating in an investigation or disclosing information that the employee reasonably believes would result in the violation of a state or federal statue or a violation or noncompliance with state or federal rules and/or regulation.

78.    As alleged herein, Plaintiff had a reasonable belief that Employer and Does 1-50 violated state and federal laws and reported those violations to Employer's management.

15

79.     At all times herein material, Employer and Does 1-50, and their agents and/or employees, retaliated against Plaintiff by adversely affecting Plaintiff's employment after Plaintiff information concerning Employer's unlawful conduct, in violation of California *Labor Code* §1102.5, et seq.

80.     As a direct, foreseeable and legal result of Employer and Does1-50's retaliation, Plaintiff has suffered and continues to sustain substantial losses in earnings, bonuses, deferred compensation, and other employment benefits, and have suffered embarrassment, emotional distress, mental anguish, anxiety, stress and related symptoms all to her damages in an amount according to proof.

81.     As a result of the Employer and Does 1-50's harassing acts as alleged herein, Plaintiff is entitled to a civil penalty not to exceed ten thousand dollars ($10,000.00) as provided by California *Labor Code* §1102.5.

82.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of Employer and Does 1-50 as described above, was done with fraud, oppression and malice; with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose of injuring Plaintiff. By reason thereof, Plaintiff is entitled to punitive or exemplary damages from Employer and Does 1-50 in a sum according to proof at trial.

## NINTH CAUSE OF ACTION

### Violation of California Labor Code §233 -

### Against Employer and DOES 1-50

83.     Plaintiff hereby incorporates by reference all paragraphs above, as if fully set herein by reference.

84.     California *Labor Code* §233, et seq. requires Employer from, among other things, retaliating against an employee for exercising their rights to sick leave and other leave.

85.     As alleged herein, Plaintiff had a reasonable belief that Employer and Does 1-50 violated state and federal laws and reported those violations to Employer's management.

86.     At all times herein material, Employer and Does 1-50, and their agents and/or employees, retaliated against Plaintiff by adversely affecting Plaintiff's employment after

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1   Plaintiff information concerning Employer's unlawful conduct, in violation of California *Labor*

2   *Code* §233, et seq.

3       87.   As alleged, foreseeable and legal result of Employer and Does1-50's retaliation,

4   Plaintiff has suffered and continues to sustain substantial losses in earnings, bonuses, deferred

5   compensation, and other employment benefits, and have suffered embarrassment, emotional

6   distress, mental anguish, anxiety, stress and related symptoms all to her damages in an amount

7   according to proof.

8       88.   Plaintiff is informed and believes, and based thereon alleges, that the outrageous

9   conduct of Employer and Does 1-50 as described above, was done with fraud, oppression and

10  malice; with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose

11  of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages

12  from Employer and Does 1-50 in a sum according to proof at trial.

13                          **TENTH CAUSE OF ACTION**

14          **Retaliation in Violation of California Labor Code §6311, et seq. -**

15                          **Against Employer and DOES 1-50**

16      89.   Plaintiff hereby incorporates by reference all paragraphs above, as if fully set

17  herein by reference.

18      90.   California *Labor Code* §6311, et seq. requires Employer from, among other

19  things, to refrain from retaliating against an employee for complaining to their employer or a

20  government entity about unsafe working conditions.

21      91.   As alleged herein, Plaintiff had a reasonable belief that Employer and Does 1-50

22  violated state and federal laws and reported those violations to Employer's management.

23      92.   At all times herein material, Employer and Does 1-50, and their agents and/or

24  employees, retaliated against Plaintiff by adversely affecting Plaintiff's employment after

25  Plaintiff refused to work due to unsafe working condition, including but not limited to working

26  conditions that violated the California Labor Code, including §6400 as well as other safety and

27  health standards and safety orders, in violation of California *Labor Code* §6311, et seq.

28      93.   As a direct, foreseeable and legal result of Employer and Does1-50's retaliation,

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**



1   Plaintiff has suffered and continues to sustain substantial losses in earnings, bonuses, deferred

2   compensation, and other employment benefits, and have suffered embarrassment, emotional

3   distress, mental anguish, anxiety, stress and related symptoms all to her damages in an amount

4   according to proof.

5         94.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous

6   conduct of Employer and Does 1-50 as described above, was done with fraud, oppression and

7   malice; with a conscious disregard for Plaintiff's rights; and with the intent, design and purpose

8   of injuring Plaintiff.  By reason thereof, Plaintiff is entitled to punitive or exemplary damages

9   from Employer and Does 1-50 in a sum according to proof at trial.

10                            **ELEVENTH CAUSE OF ACTION**

11   **Failure to Provide Meal Periods, Or Compensation in Lieu Thereof, in Violation of**

12   **Labor Code §§226.7 and 512**

13   **Against Employer and Does 1-50**

14         95.     Plaintiff incorporates herein by reference the allegations set forth in the foregoing

15   paragraphs.

16         96.     At all times herein mentioned, Employer promulgated and

17   enforced policies and practices under which Plaintiff regularly worked more than five hours in a

18   daily work period without being authorized and permitted to take an uninterrupted thirty-minute

19   meal period during which Plaintiff was relieved of all of her respective work duties or under

20   which Plaintiff was not provided with state mandated thirty-minute meal period during the first

21   five hours of her shifts.

22         95.     Defendants have adopted and maintained uniform meal period policies and

23   procedures that violate California law, including the applicable Industrial Welfare commission

24   Wage Orders.

25         96.     As a result of the unlawful acts of Defendant, Plaintiff was, during

26   her employment with Defendant, deprived of meal and rest breaks, and is thus entitled to

27   recovery under Labor Code § 226.7(a) of wages in an amount of one additional hour of pay at

28   the employee's regular rate of compensation for each work day that a meal and/or rest period

18

1  was not provided.  Additionally, Plaintiff is entitled to penalties under the Labor Code sections

2  identified above.  Plaintiff claims damages in an amount to be determined by the trier of fact.

3  <center>**TWELFTH CAUSE OF ACTION**</center>

4  <center>**Failure to Authorize and Permit Rest Periods, or Compensation in Lieu Thereof, in**</center>

5  <center>**Violation of California Labor Code §226.7**</center>

6  <center>**Against Employer and Does 1-50**</center>

7  97.    Plaintiff incorporates herein by reference the allegations set forth

8  in the foregoing paragraphs.

9  98.    At all times herein mentioned, Employer promulgated and enforced policies and

10  practices under which Plaintiff regularly worked more than four hours per day without being

11  authorized and permitted to take one or more paid rest periods of at least ten minutes for each

12  four hours of work time, or major fraction thereof, during which Plaintiff was relieved of all of

13  her respective work duties.

14  99.    Defendants have adopted and maintained uniform rest period policies and

15  procedures that violate California law, including the applicable Industrial Welfare commission

16  Wage Orders.

17  100.    As a result of the unlawful acts of Defendant, Plaintiff was, during her

18  employment with Defendant, deprived of meal and rest breaks, and is thus entitled to recovery

19  under Labor Code § 226.7(a) of wages in an amount of one additional hour of pay at the

20  employee's regular rate of compensation for each work day that a meal and/or rest period was

21  not provided.  Additionally, Plaintiff is entitled to penalties under the Labor Code sections

22  identified above.  Plaintiff claims damages in an amount to be determined by the trier of fact.

23  <center>**THIRTEENTH CAUSE OF ACTION**</center>

24  <center>**Failure to Provide Accurate Itemized Wage Statements in Violation of Labor Code**</center>

25  <center>**§226**</center>

26  <center>**Against Employer and Does 1-50**</center>

27  101.    Plaintiff incorporates herein by reference the allegations set forth

28  in the foregoing paragraphs.

<center>19</center>

<center>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**</center>

102.    Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall . . . at the time of each payment of wages, furnish her or her employees . . . an itemized statement in writing showing (1) gross wages earned; (2) total hours worked by the employee . . . (3) the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece rate basis. . . ." Section (e) provides: "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) shall be entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and shall be entitled to an award of costs and reasonable attorney's fees."

103.    Defendant failed to accurately record the overtime hours worked by Plaintiff, and failed to accurately record wages earned for missed breaks.

104.    Plaintiff was damaged by these failures because, among other things, the failure to accurately record the hours worked overtime, the breaks missed, and the wages due therefore hindered Plaintiff from determining the amounts of wages actually owed to her.

105.    Plaintiff seeks recovery of Labor Code § 226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to Labor Code §226(e), in a sum as provided by the Labor Code and/or other statutes.

## FOURTEENTH CAUSE OF ACTION

### Failure to Pay Compensation When Due at Time of Separation of Employment in Violation of Labor Code §§201-203

### Against Employer and Does 1-50

106.    Plaintiff incorporates herein by reference the allegations set forth in the foregoing paragraphs.

107.    California Labor Code §201 requires an employer who discharges an employee to pay compensation due and owing said employee immediately upon discharge. California

1  Labor Code §202 requires an employer to promptly pay compensation due and owing an

2  employee within 72 hours of that employee's separation of employment by resignation.

3  California Labor Code §203 provides that if an employer willfully fails to pay compensation

4  promptly upon discharge or resignation as required pursuant to California Labor Code §201 and

5  §202, said employer is liable to said employee for waiting time penalties.

6      108.    Plaintiff alleges, on the basis of information and belief, that Defendants have

7  willfully failed and have refused to pay all compensation and wages due and owing to Plaintiff

8  upon her termination in 2021.

9      109.    Defendant's failure to timely pay compensation and wages to

10  Plaintiff at the time of her separation of employment has been willful. An employer that

11  terminates an employee must pay the employee at the place of discharge.

12      110.    Plaintiff did not quit her employment with Defendants; but rather,

13  was wrongfully terminated.

14      111.    As a result of the foregoing, Defendants are liable for waiting time

15  penalties under California law for the maximum amount allowed by law in an amount to be

16  ascertained and proven at trial.

17      112.    Plaintiff is entitled to reasonable attorneys' fees, costs of suit, and

18  interest pursuant to *Labor Code* section 218.5.

19  ### FIFTEENTH CAUSE OF ACTION

20  ### Failure to Pay Wages in Violation of

21  ### Cal. *Labor Code* § 204 –

22  ### Against Employer and Does 1-50

23      113.    Plaintiff realleges and incorporates herein all of the preceding paragraphs

24  as if fully set forth herein.

25      114.    California *Labor Code* section 204 (a) states:

26      All wages, other than those mentioned in Section 201, 201.3, 202,

27      204.1, or 204.2, earned by any person in any employment are due and

28      payable twice during each calendar month, on days designated in

21

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

advance by the employer as the regular paydays. Labor performed between the 1st and 15th days, inclusive, of any calendar month shall be paid for between the 16th and the 26th day of the month during which the labor was performed, and labor performed between the 16th and the last day, inclusive, of any calendar month, shall be paid for between the 1st and 10th day of the following month. However, salaries of executive, administrative, and professional employees of employers covered by the Fair Labor Standards Act, as set forth pursuant to Section 13(a)(1) of the Fair Labor Standards Act, as amended through March 1, 1969, in Part 541 of Title 29 of the Code of Federal Regulations, as that part now reads or may be amended to read at any time hereafter, may be paid once a month on or before the 26th day of the month during which the labor was performed if the entire month's salaries, including the unearned portion between the date of payment and the last day of the month, are paid at that time.

115.    Plaintiff earned wages throughout her employment which Defendants failed to pay when due pursuant to *Labor Code* section 204, including wages earned based on the production of Defendants' employees sourced and hired by Plaintiff.

116.    In violation of *Labor Code* section 204, Defendants knowingly and willfully refused to perform their obligations to compensate Plaintiff for all wages earned throughout her employment.

117.    Pursuant to Labor Code section 210, Plaintiff is entitled to recover a penalty of $100.00 for the initial failure to timely pay Plaintiff all of the wages earned, and $200.00 for each subsequent failure to pay Plaintiff all of the wages earned; in addition, pursuant to section 210, for each subsequent failure to pay in compliance with Labor Code section 204, Plaintiff is entitled to recover an additional amount equal to 25% of the unlawfully withheld wages.

118.    Plaintiff is entitled to reasonable attorneys' fees, costs of suit, and interest pursuant to *Labor Code* section 218.5.

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**SIXTEENTH CAUSE OF ACTION**

**Failure to Keep Required Records; Lab. C. § 1174**

**Against Employer and Does 1-50**

119.    Plaintiff incorporates herein by reference the allegations set forth in the foregoing paragraphs.

120.    The Labor Code and applicable Wage Orders require employers to keep certain accurate business records, including each employee's daily hours worked, when they started and ended working, the start and end of meal periods, total daily hours worked, total hours worked in the pay period, and amount of wages earned.  In addition, the employer is required to accurately record the information required to be provided with each paycheck, pursuant to Labor Code § 226.

121.    Any employer who fails to maintain such records or to accurately maintain such records is subject to a civil penalty pursuant to Labor Code § 1174.5 and under the applicable Wage Orders.

122.    Defendants and Does 1-30, failed to keep and maintain accurate payroll records, including accurate records of the hours worked by Plaintiff, and of meal periods taken by Plaintiff, and wages earned by Plaintiff.  Plaintiff is therefore entitled to recover civil penalties and damages as allowed by the Labor Code and applicable Wage Orders.

**SEVENTEENTH CAUSE OF ACTION**

**Wrongful Termination in Violation of Public Policy –**

**Against Employer and DOES 1 to 50**

123.    The allegations of prior paragraphs are realleged and incorporated herein by reference.

124.        Through the conduct alleged above, Employer and Does 1-50, and each of them, tortuously and wrongfully subjected Plaintiff to retaliation in the form of adverse job actions and/or termination in violation of the public policies of the State of California which prohibit employers from harassing, discriminating and retaliating against employees for engaging in protected activity, including opposing such conduct and conduct that violates Gov't

23

1   Code sections 12940 et seq.  These policies are expressed, in part, in the California Fair

2   Employment and Housing Act, Gov't Code sections 12900 et seq.; the California Labor Code;

3   the California Constitution, Article 1, Section 8; other California statutes, and decisions of the

4   California judiciary.

5        125.   As a direct, legal, and foreseeable result of the wrongful acts of Employer and

6   Does 1-50, a Plaintiff has been harmed in that Plaintiff has suffered depression and anxiety and

7   related emotional distress and will continue to suffer fear, depression, anxiety, loss of self-

8   esteem, post-traumatic stress and other psychological ailments, for which she has and will

9   continue to incur medical expenses. Plaintiff is thereby entitled to general and compensatory

10  damages in amounts to be proven at trial.

11       126. The conduct of Employer and Does 1-50, and/or their agents/employees as

12  described herein, was willful, malicious, oppressive, and done with a willful and conscious

13  disregard for Plaintiff's rights and for the deleterious consequences of Employer and Does 1-50

14  actions. Employer and Does 1-50, and/or their agents/employees or supervisors, authorized,

15  condoned, and ratified the unlawful conduct of each other.  Consequently, Plaintiff is entitled to

16  punitive damages against Employer and Does 1-50 in an amount according to proof at trial.

17       WHEREFORE, Plaintiff prays judgment as follows:

18       1.     General Damages in an amount according to proof;

19       2.     Special Damages in an amount according to proof;

20       3.     Punitive Damages;

21       4.     Civil Penalties of $10,000.00 pursuant to California *Labor Code* §1102.5;

22       5.     Statutory Damages;

23       6.     Damages for Unpaid Wages;

24       7.     Injunctive relief preventing Defendants from engaging in the unlawful business

25       practices described above;

26       8.     Reasonable attorneys' fees;

27       9.     Cost of suit;

28       10.    Interest;

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

11.   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff MONICA GARCIA hereby demands a trial by jury.

Dated: July 20, 2022

Respectfully Submitted,
**HANNEMANN LAW FIRM**
**McNALLY LAW FIRM**

By: _____

Brian G. Hannemann, Esq.
Attorneys for Plaintiff
MONICA GARCIA

25

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

May 31, 2022

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202205-17144831
      Right to Sue: Garcia / Gruma Corporation

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation
Pilot Program. Under this program, established under Government Code
section 12945.21, a small employer with 5 -19 employees, charged with violation
of the California Family Rights Act, Government Code section 12945.2, has the
right to participate in DFEH's free mediation program. Under this program both
the employee requesting an immediate right to sue and the employer charged
with the violation may request that all parties participate in DFEH's free
mediation program. The employee is required to contact the Department's
Dispute Resolution Division prior to filing a civil action and must also indicate
whether they are requesting mediation. The employee is prohibited from filing a
civil action unless the Department does not initiate mediation within the time
period specified in section 12945.21, subdivision (b) (4), or until the mediation is
complete or is unsuccessful. The employee's statute of limitations to file a civil
action, including for all related claims not arising under section 12945.2, is tolled
from the date the employee contacts the Department regarding the intent to
pursue legal action until the mediation is complete or is unsuccessful. You may
contact DFEH's Small Employer Family Leave Mediation Pilot Program by
emailing DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter
number indicated on the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,

Form DFEH-ENF 80 RS (Revised 02/22)



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing



**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Monica Garcia                                                   DFEH No. 202205-17144831

                          Complainant,

vs.

Gruma Corporation
5601 Executive Dr., Suite 800
Irving, TX 75038

                          Respondents

_____

**1. Respondent Gruma Corporation is an employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Monica Garcia**, resides in the City of **Chino Hills**, State of **CA**.

**3.** Complainant alleges that on or about **August 21, 2021**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's race, sex/gender, disability (physical or mental), age (40 and over), other, family care or medical leave (cfra).

**Complainant was discriminated against** because of complainant's race, sex/gender, disability (physical or mental), age (40 and over), other, family care or medical leave (cfra) and as a result of the discrimination was terminated, denied hire or promotion, reprimanded, asked impermissible non-job-related questions, denied any employment benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied family care or medical leave (cfra).

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, requested or used a disability-related accommodation, participated as a witness in a discrimination or harassment complaint, requested or used

-1-
*Complaint – DFEH No. 202205-17144831*

Date Filed: May 31, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

1  family care or medical leave (cfra) and as a result was terminated, denied hire or promotion, reprimanded, asked impermissible non-job-related questions, denied any employment
2  benefit or privilege, denied reasonable accommodation for a disability, other, denied work opportunities or assignments, denied family care or medical leave (cfra).
3

4  **Additional Complaint Details:** Complainant's Employer (Respondents herein), created, maintained, fostered and allowed to exist a hostile work environment replete with unwanted
5  harassing conduct as well as discrimination based upon disability and other categories, all of which permeated the workplace and have caused Complainant to sustain damages,
6  including emotional distress. Employer was aware of reports of unwanted harassing conduct and discrimination, including those acts done by Complainant's supervisors and complaints
7  of unlawful activity, yet failed to investigate or take corrective action. Employer failed to conduct an immediate, appropriate investigation or take immediate, appropriate corrective
8  action, failed to engage in the good faith interactive process and failed to impose proper
9  discipline at all upon the harassers and those who discriminated against Complainant, and has instead retaliated against Complainant for reporting harassment, reporting unlawful
10 activity, reporting discrimination and engaging in protected activity. Employer has generally set the tone that harassment, discrimination, unlawful activity and retaliation for engaging in
11 protected activity is not only tolerated, but it is encouraged and welcomed.
   In response to the Complainant's reporting of serious unwanted harassing conduct, unlawful
12 activity and discrimination, Employer did not take immediate corrective action but instead retaliated against Complainant by taking an adverse job actions against Complainant.
13 Employer failed to prevent harassment, unlawful activity and discrimination and designed a scheme to the workplace of Complainant in an act of retaliation.
14 Employer failed to pay Complainant lawful wages, failed to provide Complainant with rest
15 and meal periods, failed to reimburse Complainant for business expenses, failed to pay Complainant overtime, failed to itemize Complainant's pay and failed to properly comply with
16 other California and Federal Law concerning the payment of wages.  Employer also violated applicable California and Federal Law, including but not limited to multiple provisions of the
17 California Labor Code, including but not limited to Labor Code Section 1102.5 as well as the Family Medical Leave Act and California Family Rights Act.
18

19

20

21

22

23

24

25

26                                          -2-
                              Complaint – DFEH No. 202205-17144831
27
   Date Filed: May 31, 2022
28

                                          Form DFEH-ENF 80 RS (Revised 02/22)

VERIFICATION

I, **Bryan L. McNally, Esq.**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

On May 31, 2022, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Upland, CA**

-3-
*Complaint – DFEH No. 202205-17144831*

Date Filed: May 31, 2022

Form DFEH-ENF 80 RS (Revised 02/22)

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Brian G. Hannemann, Esq. SBN 166109<br>Hannemann Law Firm<br>1042 N. Mountain Ave., Suite B-222<br>Upland, CA 91786<br>TELEPHONE NO.: (909) 980-7878   FAX NO. *(Optional):*<br>E-MAIL ADDRESS:<br>ATTORNEY FOR *(Name):* Monica Garcia | F I L E D<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>JUL 21 2022<br><br>BY _____<br>MELISSA PEREZ, DEPUTY |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** San Bernardino
STREET ADDRESS: 247 W. Third St.
MAILING ADDRESS:
CITY AND ZIP CODE: San Bernardino 92415
BRANCH NAME: San Bernardino

CASE NAME:

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: CIV SB 2214285 |
|---|---|---|
| [X] Unlimited   [ ] Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)  $25,000 or less) | [ ] Counter   [ ] Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [X] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types.(41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [X] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action *(specify):* 17
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/20/22

Brian G. Hannemann, Esq.
_____     ► _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. September 1, 2021]

CEB | Essential
ceb.com | Forms

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courts.ca.gov

**CM-010**

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late Claim
  Other Civil Petition



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA  92415
www.sb-court.org
909-708-8678

| Garcia -v- Gruma Corporation et al | | |
|---|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | **Case Number** | |
| | **CIVSB2214285** | |

HANNEMANN LAW FIRM
1042 N MOUNTAIN AVE
SUITE B-222
UPLAND CA 91786

This case has been assigned to:  Bryan Foster in Department S22 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 01/23/2023  at 8:30 AM in Department S22 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown.  (Local Rule 411.1).

Parties shall file and serve no later than 10 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice.  Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.  In the event an At Issue Memorandum shall be filed and served no later than 15 days prior to the trial setting conference.

Date: 7/21/2022

Nancy CS Eberhardt, Court Executive Officer

By: _____
Melissa Perez, Deputy Clerk

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address.  I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:
☒ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☐ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.
Date of Mailing: 7/21/2022

I declare under penalty of perjury that the forgoing is true and correct.  Executed on 7/21/2022 at San Bernardino, CA.

By: _____
Melissa Perez, Deputy Clerk



| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS:
ATTORNEY FOR (Name):
FAX NO. (Optional):

TRIAL SETTING CONFERENCE DATE: _____
UNLIMITED CASE: _____
LIMITED CASE: _____

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| ## INITIAL TRIAL SETTING CONFERENCE STATEMENT | CASE NUMBER: |
|---|---|

**INSTRUCTIONS:** All applicable boxes must be checked, and the specified information must be provided. **This document must be filed and served at least 15 days prior to the trial setting conference date.**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name*):
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. **Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.

4. **Description of case in Complaint:**

5. **Description of case in Cross-Complaint:**

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: _____

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination:** Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ Trial dates requested: Yes ☐ No ☐ Available dates: _____
   Time estimate: _____

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
Date: _____

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY

Form # 13-09001-360
Mandatory Form

**INITIAL TRIAL SETTING CONFERENCE STATEMENT**